Waterhouse *v* Cousins.

---

† WATERHOUSE, *Administrator, versus* COUSINS *& al.*

The decision of the magistrates, hearing the disclosure of a poor debtor, as to the *notification and return,* is conclusive.

Yet their proceedings may be invalid on account of *fraud.* But evidence that they knew that the judgment creditor was dead, is not sufficient to show that they acted fraudulently.

ON REPORT from *Nisi Prius,* APPLETON, J., presiding.

DEBT, on a poor debtor's relief bond.

The defence was, that one of the conditions therein named had been fulfilled.

Defendants applied to a magistrate in August, 1853, to issue notice to the creditor in the execution, which was served on Aug. 23, 1853, by the sheriff, " by leaving a copy at the last and usual place of abode of the creditor."

The justices administered and certified the oath required by law on Sept. 10, 1853.

At the trial, plaintiff offered evidence, which was objected to, to show that the judgment creditor deceased on May 4, previous to the disclosure, and that this fact was known to the debtors and to the magistrates before whom the disclosure was had.

Upon so much of the evidence as was admissible, the Court were to render judgment as the legal rights of the parties might require.

*Hinckley,* for defendants.

The proceedings in this case appear to have been regular, the justices examined the notification and return and adjudged them correct. That adjudication is conclusive, according to a series of decisions in this State. 12 Maine, 415; 17 Maine, 411; 18 Maine, 150; 19 Maine, 452; 20 Maine, 435; 27 Maine, 153 and 32 Maine, 27.

It is said that the creditor was dead and the notice could not be directed to him, but the judgment of the justices is equally conclusive upon the notification as the return. There is no one but the creditor in the execution, who can be notified by law. R. S., c. 148, § 22.

There is no proof of any fraud. If the justices knew of the death of the creditor that would not vitiate their proceedings. They were governed by the return, and could not rightfully set aside the evidence before them on any rumors in the community.

*Waterhouse,* for plaintiff, relied upon the fraudulent acts of defendants as vitiating the certificate.

RICE, J. — Debt on a poor debtor's bond. Defence, discharge under provisions of c. 148, R. S.

The papers show that notice, in regular form, was issued

to the judgment creditor, and that all the subsequent proceedings were in form prescribed by law. The sheriff returns a service by leaving a true and attested copy of the notice, at the last and usual place of abode of Samuel Patterson, the judgment creditor.

The magistrates, in their record, state, that "having examined the notification and return aforesaid, and found the same correct, we examined the said debtors," &c. This examination was on the 10th day of September, 1853.

On the trial of this action, the plaintiff, who is administrator of the judgment creditor, offered to show that the judgment creditor deceased on the fourth of May previous to the disclosure, and that this fact was known to the debtors and to the magistrates before whom the disclosure was had.

There does not appear to have been any suggestion, at the trial, that the sheriff or magistrates acted fraudulently, nor does the plaintiff, in his offer, distinctly affirm that those parties, at the time of the disclosure, had knowledge of the decease of the judgment creditor.

It has often been held by this Court, that the decision of the magistrates, before whom a poor debtor's disclosure is made, as to the correctness of the notification and return, is conclusive, and cannot be examined here. *Low* v. *Dore & al.* 32 Maine, 27; *Baker* v. *Howes*, 27 Maine, 153.

There is not sufficient evidence to authorize us to disregard the proceedings of the magistrates on the ground of fraud.

If the return of the sheriff was false, and the plaintiff has been damnified thereby, he is not without remedy.

*Judgment for the defendants.*